UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JEREMY HOWARD** | : | **CIVIL ACTION NO. 14-cv-839** |
| LA. DOC #545285 | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **WARDEN, RAYBURN CORRECTIONAL CENTER** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by *pro se* petitioner Jeremy Howard.  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and is incarcerated at Rayburn Correctional Center, Angie, Louisiana.  He attacks his 2008 conviction for simple burglary of an inhabited dwelling and first degree robbery, and the sentences imposed by the Thirty-Sixth Judicial District Court, Parish of Beauregard, State of Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

 For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time barred by the provisions of 28 U.S.C. § 2244(d)(1)(A).

*Background*

On November 17, 2008, petitioner pled guilty to two counts of simple burglary of an inhabited dwelling and one count of first degree robbery.  Doc. 1, att. 3, pp. 4-13.  On December 4, 2008, the state court judge sentenced him to 84 months incarceration on each simple burglary

charge and 180 months incarceration on the first degree robbery charge, the sentences to run concurrent. Doc. 1, att. 3, pp. 14-20.

Petitioner appealed his conviction and sentence and on November 4, 2009, the Louisiana Third Circuit Court of Appeal affirmed. *State v. Howard,* 2009 WL 3637065 (La. App. 3 Cir. 11/4/09). Thereafter, he filed an application for writ of certiorari to the Louisiana Supreme Court, which was denied on May 7, 2010. *State v. Howard,* 34 So.3d 859 (La. 5/7/10). Petitioner did not seek further review in the United States Supreme Court. Doc. 1, p. 2.

On August 11, 2011, petitioner signed an application for post-conviction relief. Doc. 1, att. 4, pp. 29-36. The application was notarized on August 16, 2011 and was received by the Thirty-Sixth Judicial District Court on August 22, 2011. *Id.* at p. 29. Pursuant to an order from the Thirty-Sixth Judicial District Court, petitioner filed a supplemental brief on January 6, 2012. *Id.* at pp. 37-41. The trial court denied the application on February 14, 2012. *Id.* at pp. 19-25.

On March 19, 2012, petitioner sought review of that judgment by filing an application for supervisory writs in the Third Circuit Court of Appeals. *Id.* at p. 17. The application was denied on April 19, 2013. *Id.*

Petitioner then filed an application for writs in the Louisiana Supreme Court, which was denied on November 1, 2013. *Id.* at p. 15; *State Ex Rel Howard v. State*, 2013-KH-1165, 125 So. 3d 423 (La. 11/1/13).

He filed the instant petition on April 17, 2014. Docs. 1, 5.

*Law and Analysis*

1. ***Timeliness under § 2244(d)(1)(A)***

Since this petition was filed after the April 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), the court must apply the timeliness provisions of the AEDPA. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 1999); *In re Smith,* 142 F.3d 832,

834 (5th Cir. 1998) (citing *Lindh v. Murphy,* 521 U.S. 320, 336, (1997). The AEDPA amended 28 U.S.C. § 2244(d)(1)(A) to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by a person in custody pursuant to the judgment of a state court. This limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review... ." 28 U.S.C. § 2244(d)(1)(A).

The statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitations period. *See Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998). However, any lapse of time before the filing of an application for post-conviction *is* counted, and the limitations period is only tolled while the application remains pending. *Villegas,* 184 F.3d at 467 (citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998)). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Here, petitioner appealed his conviction and sought writs in the Louisiana Supreme Court but did not seek further review with the United States Supreme Court. Thus his appeal process ended on May 7, 2010, when the Louisiana Supreme Court denied writs. His judgment of conviction and sentence became final 90 days later on August 7, 2010, when the time limit expired for seeking further review in the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(A).

Accordingly, the limitations period began to run on August 7, 2010, and petitioner had one year from that date, or until August 7, 2011, to file a timely petition for *habeas corpus* in federal court. Petitioner did not file a federal petition within this time period however he did

seek post-conviction relief in the state trial court on August 11, 2011.[1] However, by the time the post-conviction relief application was filed, the 1-year period of limitation had expired and could not be revived.

Further, even assuming that petitioner had filed his application for post-conviction relief before the one-year limitations period expired, his petition would still be time-barred under the provisions of the AEDPA. As previously noted, petitioner filed the instant *habeas corpus* petition on April 17, 2014. The Louisiana Supreme Court denied writs on his application for post-conviction relief on November 1, 2013. Thus, an additional five months expired before his petition was filed unquestionably exceeding the AEDPA's one-year limitations period.

### 2. *Equitable Tolling*

The one-year limitations period is subject to equitable tolling, but only in "rare and exceptional" cases. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). As noted by the Supreme Court, "To be entitled to equitable tolling, [petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

---

[1] For purposes of this review, the court will consider August 11, 2011, the date that petitioner signed his post-conviction application, as the date that same was filed.

The circumstances alleged herein do not support equitable tolling.  The pleading do not suggest that petitioner was actively misled nor do they suggest that he was otherwise prevented in some extraordinary way from asserting his rights.  This petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A) and equitable tolling does not apply.

### *Conclusion*

In the absence of any evidence warranting statutory or equitable tolling, the court finds that petitioner's *habeas* petition is time-barred by 28 U.S.C. § 2244(d)(1)(A) and should be dismissed with prejudice.

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  *See* 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 12th day of February, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE