RECEIVED
IN LAKE CHARLES, LA.
SEP -8 2015
TONY R. MOORE, CLERK
BY_____
           DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JEREMY HOWARD,** | *  CIVIL ACTION NO. 2:14-cv-839 |
| **Petitioner,** | * |
| v. | * |
| | *  JUDGE MINALDI |
| **WARDEN, RAYBURN CORRECTIONAL CENTER,** | * |
| **Respondent.** | *  MAGISTRATE JUDGE KAY |

### MEMORANDUM ORDER

This matter was remanded by the Fifth Circuit with instructions that this court determine if the petitioner's Notice of Appeal was timely filed [Doc. 15].

An inmate must establish timely filing under Federal Rule of Appellate Procedure 4(c)(1), the "mailbox rule," by either (1) alleging and proving that he made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid. *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1144-45 (10th Cir. 2004); *Price v. Philpot*, 420 F.3d 1158, 1165-66 (10th Cir. 2005).

An inmate who places a pleading in the prison's internal mail system will be treated as having "filed" that complaint on the date it is given to prison authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). However, the inmate must attest that such a timely filing was made and has the burden of proof on this issue. *See Ceballos-Martinez*, 387 F.3d at 1143 (10th Cir. 2004).

An inmate can establish the date on which he gave the papers to be filed with the court to a prison official in one of two ways. *Id.* at 1144-45. First, "if the prison has a legal mail system, then the prisoner must use it as the means of proving compliance with the mailbox rule." *Id.* at 1144. The second mechanism for establishing a filing date for purposes of the mailbox rule must be used if the inmate does not have access to a legal mail system-or if the existing legal mail system is inadequate to satisfy the mailbox rule. In either of these circumstances, the "mandatory method by which a prisoner . . . proves compliance with the mailbox rule" is to "submit a declaration [in compliance with 28 U.S.C. § 1746] or notarized statement setting forth the notice's date of deposit with prison officials and attest that first-class postage was pre-paid."[1] *Id.* at 1145.

**IT IS ORDERED** that the petitioner, Jeremy Howard, submit to the undersigned any documents and/or records showing when the petitioner's pro se notice of appeal was deposited in the Rayburn Correctional Center internal mail system within five days of the date of this order.

**IT IS FURTHER ORDERED** that the respondent, the Warden of the Rayburn Correctional Center, submit to the undersigned any documents and/or records showing when the petitioner's pro se notice of appeal was deposited in the Rayburn Correctional Center internal mail system within five days of the date of this order.

Lake Charles, Louisiana, this 8 day of Sept, 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[1] A declaration in compliance with 28 U.S.C. § 1746 includes a "declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated." 28 U.S.C. § 1746. In describing the requirements of a § 1746 declaration, the writer must "subscribe" the statement "as true under penalty of perjury." *Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567, 570 n. 1 (10th Cir. 1994).